UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CALWAYNE OGLETON, and
RICHARD WHINT
*on behalf of themselves, FLSA Collective Plaintiffs,
and the Class,*

    Plaintiffs,

        v.

THE CITY OF NEW YORK,
NYC DEPARTMENT OF BUILDINGS, and
MELANIE E. LA ROCCA,

    Defendants.

Case No.:

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

---

Plaintiffs, CALWAYNE OGLETON and RICHARD WHINT ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorney, files this Class and Collective Action Complaint against Defendants, THE CITY OF NEW YORK, NYC DEPARTMENT OF BUILDINGS, (together, "Corporate Defendants") and MELANIE E. LA ROCCA ("Individual Defendant" and together with Corporate Defendants, "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff OGLETON alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the New York Labor Law ("NYLL") that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime compensation, (2) liquidated damages, and (3) attorneys' fees and costs.

1

2. Plaintiffs OGLETON and WHINT allege that, pursuant to the NYLL, they and others similarly situated are entitled to recover from Defendants: (1) statutory penalties, (2) liquidated damages, and (3) attorneys' fees and costs.

3. Plaintiffs OLGETON and WHINT further allege that they and others similarly situated were deprived of their statutory rights as a result of Defendants unlawful retaliatory and discriminatory practices, pursuant to the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL"), New York City Human Rights Law and the Administrative Code of the City of New York § 8-107 ("NYCHRL"), and brings this action against Defendants to recover: (1) economic damages, (2) compensatory damages, (3) punitive damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. Defendants are subject to personal jurisdiction in this judicial district.

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## PARTIES

9. Plaintiff CALWAYNE OGLETON is a black male who is a resident of Queens County, New York.

10. Plaintiff RICHARD WHINT is a black male who is a resident of Kings County, New York.

11. Defendant THE CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York.

12. Defendant NYC DEPARTMENT OF BUILDINGS is a municipal corporation organized under the laws of the State of New York.

13. Individual Defendant MELANIE E. LA ROCCA, is Commissioner of Buildings at NYC DEPARTMENT OF BUILDINGS. Defendant LA ROCCA had control over the terms and conditions of Plaintiffs' employment, and those of similarly situated employees. Specifically, with respect to Plaintiffs and other similarly situated employees, Defendant LA ROCCA maintained the authority to (1) hire and fire; (2) determine rate and method of pay; (3) adjust employee work schedules; (4) maintain employees' employment records; and (5) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs, and the Class members. Defendant LA ROCCA exercised functional control over the business and financial operations of the NYC DEPARTMENT OF BUILDINGS.

14. At all relevant times, the Defendants were and continue to be "enterprises engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

15. At all relevant times, Defendants were an employer that employs four (4) or more "employees" within the meaning of the NYSHRL and NYCHRL, and are an "employer" and "person" within the meaning of Section 15(a) of the FLSA and Section 215 of the NYLL.

16. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff OGLETON brings claims for relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt employees of Defendants with title of Supervisor. ("FLSA Collective Plaintiffs").

18. At all relevant times, Plaintiff OGLETON and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff OGLETON stated herein are essentially the same as those of FLSA Collective Plaintiffs.

19. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

20. Plaintiffs OGLETON and WHINT bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees of Defendants on or after the date that is six years before the filing of the Complaint in this case defined herein (the "Class Period").

21. All said persons, including Plaintiffs OGLETON and WHINT, are referred to herein as the "Class" or "Class Members". The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and the rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

22. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, as the facts on which the calculation of that exact number are based are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes two subclasses, the "Supervisor Subclass" and the "Protected Subclass". The Supervisor Subclass includes all employees at the level of Supervisor, and number more than forty (40). The Protected Subclass includes nonwhite employees who have suffered from retaliation by Defendants, who also number more than forty (40). Supervisor Subclass members are members of both the Class and Supervisor Subclass. Protected Subclass Plaintiffs are members of both the Class and the Protected Subclass.

23. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, failing to provide proper wage statements and failing to provide proper wage and hour notices. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts

as to each Class Member. The Supervisor Subclass members were also subject to the same corporate practice of Defendants for of failing to pay overtime compensation due to a policy of timeshaving. Further, the Protected Subclass members were subject to the same corporate practice of Defendants for creating a hostile work environment as a result of retaliation and discrimination. Plaintiffs OGLETON and WHINT and other Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

24. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent, with experience in both class action litigation and employment litigation, and previous representation of Plaintiffs in wage and hour cases.

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation, where individual Class Members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions would require. Because losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. However, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources, while treating the claims as a class action would result in significant savings of these costs. The prosecution of separate actions by individual members of the Class

would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in an impairment of Class Members' rights and the disposition of their interests through actions which they were not parties. The issues in this action can be decided by means of common, class-wide proof.

26. Defendants and other employers throughout the United States violate state labor laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27. There are questions of law and fact common the Class with predominate over any questions affecting only individual Class Members, including:

   (a) Whether Defendants employed Plaintiff and Class Members within the meaning of the state labor laws;

   (b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants regarding the types of work and labor for which Defendants did not pay the Class Members properly;

   (c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class Members for their work;

   (d) Whether Defendants properly notified Plaintiff and Class Members of their pay rates;

   (e) Whether Defendants provided proper wage statements to Plaintiff and Class Members;

(f) Whether Defendants provided proper wage and hour notices to Plaintiff and Class Members;

(g) Whether Defendants paid Plaintiff OGLETON and Supervisor Subclass Members the proper overtime compensation; and

(h) Whether Defendants discriminated and retaliated against members of the Protected Subclass.

## STATEMENT OF FACTS

28. On or about September 14, 2015, Defendants hired Plaintiff CALWAYNE OGLETON to work as an inspector at the Department of Buildings office located at 280 Broadway, New York, NY 10007.

29. In or about February 2019, Plaintiff OGLETON was promoted to the position of Supervisor by Defendants.

30. Throughout his employment as a Supervisor, Defendants paid Plaintiff OGLETON $35.41 per hour. Plaintiff and other Supervisors would clock in and work, then clock out after finishing their work each day. However, due to a policy of timeshaving, Defendants would not pay Plaintiff OGLETON and other Supervisors for all of the hours that they worked, resulting in an average of one (1) unpaid hour per day, or five (5) unpaid hours per week, including overtime hours.

31. Based on Plaintiff OGLETON's observations and conversations with other employees, other Supervisors were also subject to Defendant's policy of timeshaving.

32. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA, or the state overtime rate (of time and a half) to Plaintiff OGLETON, FLSA Collective Plaintiffs and Class Members for all hours worked in excess of forty (40) hours per week by forcing them to misreport their hours.

33. In or about December, 2020, Plaintiff OGLETON announced to his supervisors that he no longer intended to cooperate with Defendants' timeshaving policy.

34. As a direct result of Plaintiff OGLETON's attempt to vindicate his legal rights under the FLSA and NYLL, Defendants retaliated against Plaintiff OGLETON by creating a hostile work environment.

35. As an example, but not the sole example of retaliatory treatment, Plaintiff OGLETON, alone among Supervisors, was assigned to report to offices five (5) days per week, while other Supervisor employees are permitted a telework schedule.

36. As another example, but not the sole example of retaliatory treatment, Plaintiff OGLETON, though he was hired as a Supervisor for the Manhattan Office, is required to split his time between Manhattan and Queens, and sometimes sent to work in the Bronx office, at great inconvenience. Plaintiff OGLETON is the only Supervisor who has this requirement.

37. On or about November 25, 2007, Defendants hired Plaintiff RICHARD WHINT to work as an Inspector at the Department of Buildings office located at 280 Broadway, New York, NY 10007.

38. On or about November 25, 2007, Defendants promoted Plaintiff WHINT to the position of Inspector. Between August 7, 2016 and August 3, 2019, Plaintiff WHINT held the title of Supervising Inspector, i.e., Associate Inspector. Beginning on August 4, 2019 to the present, Plaintiff WHINT holds the title Assistant Chief.

39. Beginning in or about September 2020, Plaintiff WHINT and members of the Protected Subclass were subjected to a hostile work environment due to retaliation and discrimination from Defendant as a result of Plaintiff WHINT and others' inclusion in a prior lawsuit.

40. During Plaintiffs' employment with Defendants, Plaintiff WHINT and Protected Subclass members suffered from retaliatory behavior and conduct from Defendants due to their participation in a lawsuit against Defendants for discrimination.

41. On October 14, 2015, the Class action McCalla et al. v. The City of New York et al., 15-cv-8002, was filed in the Southern District of New York, requesting monetary and injunctive relief for violations of 42 U.S.C. §§ 1981, 1982, 1983 and 1985, as well as Article 15 of New York Executive Law and New York City Human Rights Law § 8, et seq. This case ended in or about March of 2020. Plaintiff WHINT was a named Plaintiff in this action.

42. In retaliation for Plaintiffs' inclusion in a discrimination lawsuit against Defendants', Plaintiff WHINT and members of the Protected Class were subjected to differential and less favorable treatment in the terms, conditions and privileges of their employment relationship with Defendants.

43. Accordingly, Defendants retaliated against Plaintiff WHINT and members of the Protected Class by creating a hostile work environment because they had participated in a lawsuit against Defendants.

44. As an example, but not the sole example of retaliatory treatment, in or about September 2020, Plaintiff WHINT began to be repeatedly chastised and undermined by Joseph Ventour, Plaintiff WHINT's Assistant Commissioner, in ways that he was not treated before, and which others were not treated who had not been party to the discrimination lawsuit.

45. As another example, but not the sole example of retaliatory conduct, in or about September 2020, Plaintiff WHINT began to be ignored, undermined and chastised by Athena Harris, a Director of Plaintiff WHINT, in ways that he was not treated before, and which others were not treated who had not been party to the discrimination lawsuit.

46. Defendants retaliated against Plaintiff WHINT and Protected Subclass members for their involvement in a discrimination lawsuit against Defendants, by creating a hostile environment for Plaintiff WHINT and others in the Protected Subclass, that other employees were not subject to. But for Plaintiff WHINT and Protected Subclass members' involvement in the Discrimination lawsuit against Defendants, Defendants would not have created this hostile environment.

47. Plaintiff WHINT and Protected Subclass members have and will continue to suffer economic and other damages as a result of the Defendants' retaliatory conduct.

48. Based on Plaintiff WHINT's observations and conversations with other employees who were a party to the previous litigation, Protected Subclass members were all subject to the same hostile work environment as Plaintiff WHINT.

49. Throughout their employment, Plaintiffs OGLETON and WHINT, along with FLSA Collective Plaintiffs and Class Members, were not provided with proper wage and hour notices or wage statements by Defendants.

50. Defendants knowingly and willfully operated their business with a policy of not providing wage and hour notices or wage statements to Plaintiffs OGLETON and WHINT, FLSA Collective Plaintiffs, and Class Members, that meet the requirements of New York Labor Law § 195(1) or New York Labor Law § 195(3), including the requirement of listing the accurate rates of pay and regular and overtime hours worked per week.

51. Plaintiffs retained Igbokwe PLLC to represent Plaintiffs, FLSA Collective Plaintiffs, and Class Members in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

## ON BEHALF OF PLAINTIFF OGLETON AND FLSA COLLECTIVE PLAINTIFFS

52. Plaintiffs reallege all paragraphs above as if fully set forth herein.

53. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

54. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

55. At all relevant times, Defendants had gross annual revenues in excess of $500,000.

56. At all relevant times, Defendants have a policy and practice of failing to pay overtime compensation at the statutory rate of time and one half to Plaintiff OGLETON and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

57. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff OGLETON and FLSA Collective Plaintiffs the statutory overtime premium of time and one half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known the payment was due.

58. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

59. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff OGLETON and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

60. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff OGLETON and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime compensation, plus an equal amount as liquidated damages.

61. Records, if any, concerning the number of hours worked by Plaintiff OGLETON and FLSA Collective Plaintiffs, and the actual compensation paid to Plaintiff OGLETON and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff OGLETON intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of the Court to amend this Complaint to set forth the precise amount due.

62. Plaintiff OGLETON and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

### ON BEHALF OF PLAINTIFF OGLETON AND SUPERVISOR SUBCLASS

63. Plaintiffs reallege all paragraphs above as if fully set forth herein.

64. At all relevant times, Plaintiffs and Class Members were employed by Defendant within the meaning of the New York Labor Law §§ 2 and 651.

65. Defendants knowingly and willfully violated Plaintiff OGLETON and Supervisor Subclass Members' rights by failing to pay them the proper overtime compensation at rates of not less than

one and one half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

66. Due to Defendants' New York Labor Law violations, Plaintiff OGLETON and Supervisor subclass Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

## COUNT III

## VIOLATION OF THE NEW YORK LABOR LAW

## ON BEHALF OF PLAINTIFFS OGLETON, WHINT, AND THE CLASS

67. Plaintiffs reallege all paragraphs above as if fully set forth herein.

68. At all relevant times, Plaintiffs and Class Members were employed by Defendant within the meaning of the New York Labor Law §§ 2 and 651.

69. Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiffs OGELTON and WHINT and Class Members, as required by New York Labor Law § 195(1).

70. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiffs OGLETON and WHINT and Class Members with every wage payment, as required by New York Labor Law § 195(3).

71. Due to Defendants' New York Labor Law violations, Plaintiffs and Class Members are entitled to recover from Defendants statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

## COUNT IV

## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

**ON BEHALF OF PLAINTIFF OGLETON**

72. Plaintiffs reallege all paragraphs above as if fully set forth herein.

73. Plaintiffs are employees and qualified persons within the meaning of the NYSHRL and Defendants are covered employers under the NYSHRL.

74. Defendants violated Plaintiff OGLETON's statutorily protected rights under the NYSHRL, New York Executive Law § 296, by subjecting Plaintiff OGLETON to a hostile work environment as retaliation for his lawful attempts to vindicate his own rights under the FLSA and NYLL.

75. Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff OGLETON's protected rights under the NYSHRL.

76. As a result of Defendants' unlawful employment practices, Plaintiff OGLETON sustained injury, including economic damages, the past and future physical and emotional distress, and the costs of bringing this action.

77. Due to Defendants' violation under the NYSHRL, due to discrimination and retaliation, Plaintiff OGLETON is entitled to recover from Defendants: (1) an injunction ordering Defendant to cease its discriminatory practices as described herein; (2) back pay; (3) compensatory damages; and (4) punitive damages.

**COUNT V**

**VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW**

**ON BEHALF OF PLAINTIFF OGLETON**

78. Plaintiffs reallege all paragraphs above as if fully set forth herein.

79. Plaintiffs are employees and qualified persons within the meaning of the NYCHRL and Defendants are covered employers under the NYCHRL.

80. Defendants violated Plaintiff OGLETON's statutorily protected rights under the NYCHRL, Administrative Code of the City of New York § 8-107, by subjecting Plaintiff OGLETON and Protected Subclass Members to a hostile work environment in retaliation for his attempts to lawfully vindicate his rights under the FLSA and NYLL.

81. Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff OGLETON's protected rights under the NYCHRL.

82. As a result of Defendants' unlawful employment practices, Plaintiff OGELTON sustained injury, including economic damages, the past and future physical and emotional distress, and the costs of bringing this action.

83. Due to Defendants' violation under the NYCHRL due to discrimination and retaliation, Plaintiff OGLETON is entitled to recover from Defendants: (1) compensatory damages; (2) punitive damages; and (3) attorneys' fees and costs.

## COUNT VI

## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW
## ON BEHALF OF PLAINTIFF WHINT AND THE PROTECTED SUBCLASS

84. Plaintiffs reallege all paragraphs above as if fully set forth herein.

85. Plaintiffs and Protected Subclass members are employees and qualified persons within the meaning of the NYSHRL and Defendants are covered employers under the NYSHRL.

86. Defendants violated Plaintiff WHINT and Protected Subclass members' statutorily protected rights under the NYSHRL, New York Executive Law § 296, by subjecting Plaintiff WHINT and Protected Subclass members to a hostile work environment as retaliation based on their involvement with a prior lawsuit against Defendant.

87. Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff WHINT and Protected Subclass members' protected rights under the NYSHRL.

88. As a result of Defendants' unlawful employment practices, Plaintiff WHINT and the Protected Subclass members sustained injury, including economic damages, the past and future physical and emotional distress, and the costs of bringing this action.

89. Due to Defendants' violation under the NYSHRL, due to discrimination and retaliation, Plaintiff WHINT and Protected Subclass Members are entitled to recover from Defendants: (1) an injunction ordering Defendant to cease its discriminatory practices as described herein; (2) back pay; (3) front pay; (4) compensatory damages; and (5) punitive damages.

## COUNT VII

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW
## ON BEHALF OF PLAINTIFF WHINT AND THE PROTECTED SUBCLASS

90. Plaintiffs reallege all paragraphs above as if fully set forth herein.

91. Plaintiffs and Protected Subclass Members are employees and qualified persons within the meaning of the NYCHRL and Defendants are covered employers under the NYCHRL.

92. Defendants violated Plaintiff WHINT and Protected Subclass Members' statutorily protected rights under the NYCHRL, Administrative Code of the City of New York § 8-107, by subjecting Plaintiffs and Protected Subclass Members to a hostile work environment in retaliation for their prior involvement in a suit against Defendant.

93. Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff WHINT and Protected Subclass Members' protected rights under the NYCHRL.

94. As a result of Defendants' unlawful employment practices, Plaintiff WHINT and Protected Subclass Members sustained injury, including economic damages, the past and future physical and emotional distress, and the costs of bringing this action.

95. Due to Defendants' violation under the NYCHRL due to discrimination and retaliation, Plaintiff WHINT and Protected Subclass Members are entitled to recover from Defendants: (1) compensatory damages; (2) punitive damages; and (3) attorneys' fees and costs.

WHEREFORE, Plaintiff, on behalf of themselves, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful and violate the FLSA and applicable state wage and hour laws;

b. A declaratory judgment that the practices complained of herein are unlawful under the NYSHRL and NYCHRL;

c. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of unpaid overtime compensation due under the FLSA and the applicable state laws;

e. An award of statutory penalties as a result of Defendants' failure to comply with the wage notice and wage statements requirements under the applicable state laws;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, pursuant to the FLSA and/or the applicable state laws;

g. An order awarding relief for Defendants' discriminatory conduct, including but not limited to back pay, front pay, compensatory, and punitive damages;

h. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiff OGLETON as Representative of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiffs OGLETON and WHINT as Representative of the Class; and

l. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: August 16, 2021                                  Respectfully Submitted,

By:     */s/ William Igbokwe*
O. Williams Igbokwe, Esq.
Law Office of William Igbokwe
O. Williams Igbokwe (5170683)
Daniel Needham (5143060)
28 Liberty Street, 6th Floor
New York, NY 10005
Phone: (646) 205-3241
Fax: (347) 467-6367
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*