UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

CALWAYNE OGELTON, and RICHARD WHINT, on behalf of themselves, FLSA Collective Plaintiffs, and the Class,

                                      Plaintiffs,

          – against –

THE CITY OF NEW YORK, NYC DEPARTMENT OF BUILDINGS, and MELANIE E. LA ROCCA,

                                      Defendants.

**STIPULATION AND CONFIDENTIALITY ORDER**

21-CV-06889

------------------------------------------------------------------------ X

**WHEREAS**, Plaintiffs have sought certain documents and information from defendants in discovery in this action, which defendants deem to be confidential ("Confidential Material"); and

**WHEREAS**, Defendants object to the production of those documents and information unless appropriate protection for their confidentiality is assured;

**WHEREAS,** by and through their undersigned attorneys, the Parties stipulate and agree, pending further order of the Court, that the following procedures designed to assure the protection of confidential information not already in the public domain shall govern any discovery, including discovery from non-parties, in this action.

          **IT IS THEREFORE AGREED BY AND BETWEEN THE PARTIES AND ORDERED THAT:**

          1.    Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be

1

warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Protective Order ("Order"). The parties, and any other person or entity that executes the Acknowledgement and Agreement to be Bound to Stipulated Protective Order ("Acknowledgement") in the form attached hereto as Exhibit A, acknowledge that this Order does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2. As used herein the term "Confidential Materials" shall be defined as : (1) any documents, including electronically-stored information and email communications, containing private or confidential personal information of any present or former employee of the City of New York, including, but not limited to, information and documents regarding salary, payroll, promotions, training, discipline, evaluations, post and tour assignments, actual or potential personnel action, investigation files, disciplinary files, and internal Equal Employment Opportunity files; (2) any information of a personal or intimate nature regarding any individual, or; (3) any other category of information this Court subsequently affords confidential status.

3. **Method of Designating Documents and Information as Confidential.** There are two methods by which the Parties may designate material to be Confidential: (a) by marking "Confidential" on each page of the document or otherwise marking the Confidential Information "Confidential" in a fairly conspicuous fashion; or (b) by designating in writing the Bates-stamp numbered pages to be as designated as "Confidential." In addition, the producing parties may designate portions of deposition testimony as "Confidential" at the time of the deposition. Counsel attending a deposition who inadvertently fails to designate any portion of the deposition transcript pursuant to this Order on the record at the deposition shall have thirty (30)

days following the receipt of the transcript in which to correct the failure. Notice of such correction shall be made in writing to the reporter, with copies to all other counsel of record, designating the portion(s) of and/or exhibit(s) to the transcript that contain "CONFIDENTIAL" information, and directing the reporter to mark such portion(s) or exhibit(s) accordingly. This Stipulation and Confidentiality Order does not preclude or waive a deponent's right to assert objections or respond to objectionable questions consistent with accepted practice of depositions.

4. **Subsequent Designation.** Documents and/or materials produced in this action that are not identified as Confidential Materials when they were initially produced may thereafter (including within a reasonable time after entry of this Order), be designated as Confidential by the producing party by providing written notice to the receiving party and any other person who received such documents or materials. Each Party or person who receives such written notice shall endeavor to retrieve any Confidential Materials that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

5. **Contesting Confidential Designations.** A party may object to the designation of information as "Confidential" by notifying producing party in writing at any time during the litigation. The Parties will first try to resolve any disputes in good faith on an informal basis, but if a resolution is not reached, either Party may seek appropriate relief from the Court. Until the Court issues an order resolving the dispute, the Parties shall treat the disputed documents as Confidential.

6. **Use and Disclosure of Confidential Materials.** The Confidential Materials shall be used by plaintiff and plaintiff's attorney solely for the purpose of this action,

and, unless the Court for good cause shown rules otherwise, such Confidential Materials shall not be disclosed by plaintiff or plaintiff's attorney to any other persons other than the following qualified recipients:

- a. members of plaintiff's counsel's firm and/or office, including any contractors or individuals engaged by the plaintiffs in connection with performing services in this litigation or disposition of this action;
- b. outside counsel for the parties, and office personnel employed by them and assisting them in this case;
- c. the court reporter(s) or videographer(s) undertaking his or her duties in a deposition relating to this matter;
- d. deponents, during the course of their depositions;
- e. any judge or other personnel of the Court, before which this matter is pending (including any appeal), in order to perform the duties of the Court;
- f. as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;
- g. persons retained by plaintiffs to furnish expert services to advise or to give expert testimony in this action, or persons specially employed by plaintiff or engaged by the plaintiff for the litigation or disposition of this action to perform investigative work, data entry, or fact research, who have reviewed and consented to be bound by this Protective Order by executing Exhibit A, further described in paragraph 6, below; and

   h.  independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system.

  Confidential Materials disclosed to persons defined in subparagraphs (a) through (h) above shall not be disclosed by them to any other person not included within the foregoing subparagraphs (a) through (h) of paragraph 5 nor shall any such Confidential Materials be used by any such person for any purpose other than discovery, settlement, preparation, trial, and appeal of this action. These individuals shall be so advised of their duty to maintain confidentiality.

  Should any Confidential Material be disclosed in a deposition, all Confidential Information and/or documents disclosed therein, and any transcripts made of such deposition, shall be treated in accordance with the terms of this Confidential Order.

  7.  **Production of Confidential Materials to Experts.** Any person identified in 5(g) above who is to be provided access to the Confidential Materials shall be provided a copy of this Stipulation and Confidentiality Order and be required to sign a written statement (to be held by plaintiff's counsel) submitting to this Court's jurisdiction (for the purpose of enforcing this Protective Order) before receiving such Confidential Materials. The form of such statement shall be consistent with Exhibit A, attached hereto.

  8.  **Filing Documents Under Seal.** If a party intends to file sealed or redacted papers with the Court which incorporates Confidential Materials that party must apply to the Court to seal those portions of the papers in accordance with Rule II (A) of this Court's Individual Practices in Civil Cases, except where the Court does not require prior approval for

sealing under Rule II (B). The parties shall meet and confer in an effort to minimize the redaction or sealing request prior to submitting their request to the Court. Upon obtaining leave of the Court to file documents under seal, the Confidential Materials will be electronically filed in accordance with the Court's ECF procedures for sealed documents. However, where the confidential information contained in a document is not material to issues addressed in Court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

9. **Return or Destruction of Information.** Within 60 days of the final determination of this action, unless otherwise agreed to in writing, each party to this Order shall either: (1) assemble and return all "CONFIDENTIAL" information within their control or the control of those to whom they distributed any such information, including all copies thereof, to the designating party, or (2) certify in writing that all Confidential Information within their control or the control of those to whom they distributed any such information has been destroyed. Notwithstanding the foregoing, the parties may retain all pleadings, briefs and other documents containing their work product which refer to or incorporate "CONFIDENTIAL" information and will continue to be bound by the terms of this Order with respect to any such information.

10. Nothing in this Stipulation and Confidentiality Order shall be construed to limit the producing parity's use of the Confidential Materials in any manner.

11. The terms of this Order are applicable to Confidential Information provided by a non-party to this action in connection with this proceeding.

12. This Order may be changed only by further agreement of all parties in writing or by Order of the Court and is without prejudice to the right of any party to seek modification of this Order by application to the Court on notice to the other parties. Nothing in this Order shall preclude any party from seeking judicial relief, in good faith and upon notice to the other parties, with regard to any provision hereof.

13. Nothing in this Order shall restrict the use or disclosure of any documents or information that is or becomes public or that is obtained through lawful means independent of discovery in this proceeding, even if the same documents or information are produced in this litigation and are designated as Confidential or Protected Material.

14. A party's compliance with the terms of this Order shall not operate as an admission by that party that any particular document or information is or is not (a) relevant, (b) privileged, or (c) admissible in this action.

15. All counsel for the parties who have access to Confidential Information acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

16. Nothing in this Stipulation and Protective Order shall limit the Parties' own use of its Confidential Materials nor shall it serve to limit a party's right to review, withhold or redact documents and related information (including metadata) for relevance, responsiveness, as required by state or federal statute, or on the basis of privilege.

~~17. This Order shall survive the termination of the litigation. This Court shall retain jurisdiction over enforcement of this Protective Order until the end of this litigation.~~

18. This Stipulation shall be legally binding on the parties and all those persons who are authorized to receive Confidential Information upon execution of this Stipulation by counsel and prior to it being So Ordered by the Court.

A facsimile copy of the signatures and of this stipulation can be considered the same as an original for the purposes of this stipulation.

Dated:     New York, New York
            June 1, 2022

| | |
|---|---|
| **WILLLIAM IGBOKWE** | **HON. SYLVIA O. HINDS-RADIX** |
| Law Office of William Igbokwe | Corporation Counsel of the City of New York |
| Attorney for Plaintiffs | Attorney for Defendants |
| 28 Liberty Street, 6th Floor | 100 Church Street, Room 2-316 |
| New York, NY 10005 | New York, New York 10007 |
| (347) 467-4674 | (212) 356-3522 |
| By: _O. Williams Igbokwe_ | By: _Elisheva L. Rosen_ |
| O. Williams Igbokwe | Elisheva L. Rosen |
| | Assistant Corporation Counsel |

**SO ORDERED:**

June 2, 2022
_____
Date                                                  ~~JSC~~

                                                                    Ona T. Wang
                                                                    U.S.M.J.

## **EXHIBIT A**

        I hereby acknowledge that I have read the So-Ordered Stipulation and Protective Order entered in the Southern District of New York, on _____, 20\_\_, in the action *Calwayne Ogleton et. al. v. The City of New York, et. al.*, Civil Action No.: 21-CV-06889, and understand the terms thereof.

        I agree not to use the Confidential Material defined therein for any purpose other than in connection with the prosecution or defense of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

        I understand that it is my responsibility to ensure that, and I hereby agree to ensure that, all Confidential Materials that I have contact with, as well as all copies notes, and summaries, and other materials containing or referring to Confidential Materials or the information contained in the Confidential Materials, including but not limited to all copies, noted, and summaries that are or were maintained in any form, including but not limited to any computer hard drive, diskette, CD-ROM, or other electronic storage device must be either destroyed or returned at the conclusion of this matter.

_____        _____
                                Date                                                                              Signature

                                                                                                         _____
                                                                                                          Print Name

                                                                                                          _____
                                                                                                          Occupation