UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CALWAYNE OGLETON and RICHARD WHINT,

                                Plaintiffs,

                  -v-

THE CITY OF NEW YORK, NYC DEPARTMENT OF BUILDINGS, and MELANIE E. LA ROCCA,

                                Defendants.

**ORDER**

21 Civ. 6889 (PGG) (OTW)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiffs Calwayne Ogleton[1] and Richard Whint are Black men who are employed as a supervisor and an inspector, respectively, for the New York City Department of Buildings (the "Buildings Department"). They have brought a class and collective action for violations of federal and state labor and anti-discrimination laws against the City of New York (the "City"), the Buildings Department, and Buildings Department Commissioner Melanie E. La Rocca.

        The Complaint alleges that "due to a policy of timeshaving," Defendants "would not pay Plaintiff Ogleton and other [s]upervisors for all the hours that they worked," and that after Ogleton "announced to his supervisors that he no longer intended to cooperate with Defendants' timeshaving policy," Defendants "retaliated against Plaintiff Ogleton by creating a hostile work environment." (Cmplt. (Dkt. No. 1) ¶¶ 30, 33-34) The Complaint further alleges that Defendants "retaliated against Whint and [other non-white Buildings Department

---

[1] Plaintiff Ogleton's name is misspelled on the docket. This Order reflects the correct spelling, as used in the Complaint. (Dkt. No. 1)

employees] by creating a hostile work environment because they had participated in a lawsuit against Defendants." Finally, the Complaint alleges that Defendants did not provide proper wage-and-hour notices or wage statements as required by the New York Labor Law. (Id. ¶¶ 43, 50)

The Complaint asserts causes of action on behalf of Ogleton and putative collective members for violations of the Fair Labor Standards Act (the "FLSA"), and on behalf of Ogleton, Whint, and putative class members for violations of the Labor Law, New York State Human Rights Law (the "NYSHRL"), and New York City Human Rights Law (the "NYCHRL").

The Complaint was filed on August 16, 2021, and Defendants moved to dismiss on January 20, 2022, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Cmplt. (Dkt. No. 1); Def. Mot. (Dkt. No. 40)) This Court referred the motion to Magistrate Judge Ona T. Wang for a Report and Recommendation ("R&R"). (Dkt. No. 45)

In response to a January 26, 2023 show-cause order issued by Judge Wang (Dkt. No. 53), Plaintiffs informed Judge Wang in a February 10, 2023 letter that they "[would] not oppose a dismissal of Plaintiff Whint's claims by the District Court on the basis of [lack of] subject-matter jurisdiction . . . . [and] therefore accede[d] to a dismissal [of Whint's claims] under [Federal Rule of Civil Procedure] 41(a)(1)(2)." (Feb. 10, 2023 Pltf. Ltr. (Dkt. No. 54); see Show Cause Order (Dkt. No. 53)) Accordingly, on February 17, 2023, Judge Wang issued an R&R "recommend[ing] that Plaintiff Whint be dismissed from the action" (the "Whint R&R"). (Dkt. No. 55 at 1-2)[2] That same day, Judge Wang issued a thorough 17-page R&R

---

[2] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

recommending that Plaintiff Ogleton's claims be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) (the "Ogleton R&R"). (Dkt. No. 56)

For the reasons stated below, Plaintiff Whint's claims will be dismissed pursuant to Fed. R. Civ. P. 41(a)(2), and Plaintiff Ogleton's claims will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## BACKGROUND[3]

I.  **THE COMPLAINT**

   A.  **Factual Allegations**

The Complaint alleges that Defendants hired Ogleton in September 2015 to work as an inspector, and that in February 2019, he was promoted to supervisor. (Cmplt. (Dkt. No. 1) ¶¶ 28-29) The Complaint alleges that Defendants, through a policy of "timeshaving," did not pay Ogleton and other supervisors for all hours worked and/or did not pay them the required time-and-a-half rate for hours worked in excess of 40 hours per week:

> 30. Throughout his employment as a Supervisor, Defendants paid Plaintiff Ogleton $35.41 per hour. Plaintiff and other Supervisors would clock in and work, then clock out after finishing their work each day. However, due to a policy of timeshaving, Defendants would not pay Plaintiff Ogleton and other Supervisors for all of the hours that they worked, resulting in an average of one (1) unpaid hour per day, or five (5) unpaid hours per week, including overtime hours.

---

[3] Because the parties have not objected to Judge Wang's factual statement, it is adopted by this Court. See Silverman v. 3D Total Solutions, Inc., No. 18 CIV. 10231 (AT), 2020 WL 1285049, at *1 n.1 (S.D.N.Y. Mar. 18, 2020) ("Because the parties have not objected to the R&R's characterization of the background facts . . . , the Court adopts the R&R's 'Background' section and takes the facts characterized therein as true."); Hafford v. Aetna Life Ins. Co., No. 16-CV-4425 (VEC)(SN), 2017 WL 4083580, at *1 (S.D.N.Y. Sept. 13, 2017) ("The parties do not object to the Magistrate Judge's . . . recitation of the facts of this case, and the Court adopts [the factual statement] in full.").

31. Based on Plaintiff Ogleton's observations and conversations with other employees, other Supervisors were also subject to Defendant's policy of timeshaving.

32. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA, or the state overtime rate (of time and a half) to Plaintiff Ogleton, FLSA Collective Plaintiffs and Class Members for all hours worked in excess of forty (40) hours per week by forcing them to misreport their hours.

(Cmplt. (Dkt. No. 1) ¶¶ 30-32)

"In or about December 2020, Plaintiff Ogleton announced to his supervisors that he no longer intended to cooperate with Defendants' timeshaving policy." (Id. ¶ 33) Later, "[a]s a direct result of Plaintiff Ogleton's attempt to vindicate his legal rights under the FLSA and [the Labor Law], Defendants retaliated against Plaintiff Ogleton by creating a hostile work environment," including by, inter alia, requiring Ogleton to (1) report to the office while other supervisors were allowed to work remotely; and (2) "split his time between Manhattan and Queens, and sometimes [be] sent to work in the Bronx office, at great inconvenience." (Id. ¶¶ 34-36)

As to Whint, the Complaint alleges that Defendants "hired [him] to work as an [i]nspector" on November 25, 2007, and later promoted him to supervising inspector and then associate inspector. In August 2019, Whint was promoted to assistant chief. (Id. ¶¶ 37-38)

The Complaint further alleges that, "[b]eginning in or about September 2020, Plaintiff Whint and [other non-white Buildings Department employees] were subjected to a hostile work environment due to retaliation and discrimination from Defendant as a result of Plaintiff Whint's and others' inclusion in a prior lawsuit," McCalla v. The City of New York, 15 Civ. 8002 (LAK) (OTW) (S.D.N.Y. 2015). (Id. ¶ 39-41) Whint and others "were subjected to differential and less favorable treatment in the terms, conditions and privileges of their

employment relationship with Defendants," including, <u>inter alia</u>, Whint being "undermined" and "chastised" by two supervisors. (<u>Id.</u> ¶¶ 42-45)

According to the Complaint, "[t]hroughout their employment, Plaintiffs Ogleton and Whint, along with FLSA Collective Plaintiffs and Class Members, were not provided with proper wage and hour notices or wage statements by Defendants." (<u>Id.</u> ¶ 49)

**B.     Class/FLSA Collective Allegations**

"Plaintiff Ogleton brings claims for relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt employees of Defendants with [the] title of Supervisor," in connection with Defendants' "willful failure and refusal to pay them the proper overtime compensation at the rate of one-and-one-half times the regular hourly rate for work in excess of forty (40) hours per workweek." (<u>Id.</u> ¶¶ 17-18)

"Plaintiffs Ogleton and Whint [also] bring claims for relief pursuant to . . . Federal Rule[] of Civil Procedure . . . 23, on behalf of all non-exempt employees of Defendants on or after the date that is six years before the filing of the Complaint in this case defined herein." (<u>Id.</u> ¶ 20) The putative class encompasses a "Supervisor Subclass, [which] includes all employees at the level of Supervisor," and a "Protected Subclass, [which] includes non-white employees who have suffered from retaliation by Defendants." (<u>Id.</u> ¶ 22) The Complaint alleges that "[a]ll the Class Members were subject to the same corporate practices of Defendants, as alleged herein, failing to provide proper wage statements and failing to provide proper wage and hour notices"; that "[t]he Supervisor Subclass members were also subject to the same corporate practice of Defendants . . . of failing to pay overtime compensation due to a policy of timeshaving"; and that "the Protected Subclass members were subject to the same corporate practice of Defendants for creating a hostile work environment as a result of retaliation and discrimination." (<u>Id.</u> ¶ 23)

    **C.**    <u>**Causes of Action**</u>

The Complaint alleges the following causes of action:

1. violation of the FLSA, on behalf of Ogleton and the FLSA collective, in connection with Defendants' "policy and practice of failing to pay overtime compensation at the statutory rate of time and one half to Plaintiff Ogleton and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek" (<u>id.</u> ¶¶ 52-62);

2. violation of the Labor Law, on behalf of Ogleton and the Supervisor Subclass, in connection with the same non-payment of overtime allegations as the FLSA Cause of Action (<u>id.</u> ¶¶ 63-66);

3. violation of the Labor Law, on behalf of Ogleton, Whint, and the putative class, in connection with Defendants' failure to provide wage-and-hour notices and wage statements (<u>id.</u> ¶¶ 67-71);

4. NYSHRL hostile work environment and retaliation claim on behalf of Ogleton (<u>id.</u> ¶¶ 72-77);

5. NYCHRL hostile work environment and retaliation claim on behalf of Ogleton (<u>id.</u> ¶¶ 78-83);

6. NYSHRL hostile work environment and retaliation claim on behalf of Whint and the Protected Subclass (<u>id.</u> ¶¶ 84-89); and

7. NYCHRL hostile work environment and retaliation claim on behalf of Whint and the Protected Subclass. (<u>Id.</u> ¶¶ 90-95)

**II.**    <u>**PROCEDURAL HISTORY**</u>

The Complaint was filed on August 16, 2021. (Dkt. No. 1) On January 20, 2022, Defendants moved to dismiss. (Dkt. No. 40)

On March 1, 2022, this Court referred the motion to dismiss to Judge Wang for an R&R. (Dkt. No. 45)

In a January 26, 2023 order, Judge Wang directed Whint "to show cause . . . why [Judge Wang] should not recommend dismissal of his state law claims for lack of subject matter jurisdiction." (Show Cause Order (Dkt. No. 53) at 2) In a February 10, 2023 letter, Whint states that he does "not oppose a dismissal of [his] claims by the District Court on the basis of [lack of] subject matter jurisdiction." (Feb. 10, 2023 Pltf. Ltr. (Dkt. No. 54))

On February 17, 2023, Judge Wang issued separate R&Rs as to Whint and Ogleton. (Whint R&R (Dkt. No. 55); Ogleton R&R (Dkt. No. 56)) Ogleton filed objections to the Ogleton R&R on March 3, 2023, and Defendants filed an opposition to Ogleton's objections on March 9, 2023. (Dkt. Nos. 57-58).

### III.     THE R&RS' RECOMMENDATIONS AND OGLETON'S OBJECTIONS

#### A.     The Whint R&R

Judge Wang states that Whint "acceded to a voluntary dismissal of [his] claims under Rule 41(a)(2)" and "[a]ccordingly . . . recommend[s] that Plaintiff Whint be dismissed from the action." (Whint R&R (Dkt. No. 55) at 1-2) No party has objected to this recommendation.

#### B.     The Ogleton R&R

Judge Wang recommends that Ogleton's claims be dismissed for failure to state a claim under Rule 12(b)(6).

As an initial matter, Judge Wang finds that the Buildings Department "is not a suable entity, and [that accordingly] Plaintiff's claims against it should be dismissed." Judge Wang further finds that Ogleton's NYSHRL and NYCHRL claims against La Rocca "must be dismissed for failure to allege personal involvement." As to Ogleton's FLSA claim, Judge Wang finds that he "has not pleaded sufficient details to allege plausible overtime claims under the FLSA, and his FLSA claims should therefore be dismissed." Judge Wang also recommends that "the Court . . . decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims." To the extent that this Court does consider Ogleton's claims under the Labor Law, the NYSHRL, and the NYCHRL, Judge Wang recommends that those claims be dismissed as well, because (1) "the City and [the Buildings Department] do not qualify as employers under the [Labor Law] . . . . [and] Plaintiff's [Labor Law] claims against Defendant La Rocca, like his

7

FLSA claims, are not pleaded with sufficient particularity"; (2) Ogleton's NYSHRL and NYCHRL claims do not adequately allege that any discriminatory actions or hostile work environment were based on his race; and (3) "Ogleton has not established the [causal] connection necessary to state a [retaliation] claim under the NYSHRL or NYCHRL." (Ogleton R&R (Dkt. No. 56) at 4, 8-15)

Judge Wang further finds that, "[b]ecause Plaintiff is unable to maintain his individual claims, the purported class actions based on his individual claims also fail and should be dismissed." (Id. at 15)

Finally, Judge Wang recommends that Ogleton be granted leave to amend as to his FLSA, NYSHRL, and NYCHRL claims (the Complaint's First, Fourth, and Fifth Causes of Action), and that leave to amend otherwise be denied. (Id. at 15-16)

Ogleton objects to Judge Wang's recommendation that his FLSA, NYSHRL, and NYCHRL claims against the City be dismissed for failure to state a claim. Ogleton does not object to Judge Wang's recommendation that his claims against the Buildings Department be dismissed, that his Labor Law claims be dismissed, and that his NYSHRL and NYCHRL claims

against La Rocca be dismissed for failure to adequately allege personal involvement. (Pltf. Objs. (Dkt. No. 57))[4]

## DISCUSSION

I. **LEGAL STANDARDS**

    A. **Review of a Magistrate Judge's Report and Recommendation**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'" Gilmore v. Comm'r of Soc. Sec., No. 09 Civ. 6241 (RMB) (FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Inv. Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)). A decision is "clearly erroneous" when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks and citation omitted).

Where a timely objection has been made to a magistrate judge's recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

---

[4] In his objections, Plaintiff argues only that he has stated a claim under the FLSA, the NYSHRL, and the NYCHRL; he does not make arguments specific to any Defendant. (Id.) Because Ogleton does not object to Judge Wang's findings that (1) the Buildings Department is a non-suable entity, and (2) the Complaint's NYSHRL and NYCHRL claims do not adequately allege La Rocca's personal involvement, this Court construes Ogleton's objections as applying only to his FLSA, NYSHRL, and NYCHRL claims against the City.

However, "[o]bjections that are 'merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.'" Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (second alteration in original) (quoting Vega v. Artuz, 97 Civ. 3775 (LTS)(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)). "To the extent . . . that the party . . . simply reiterates the original arguments, [courts] will review the Report strictly for clear error." IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., 07 Civ. 6865 (LTS)(GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citing Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343 (WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003) and Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)); see also Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, . . . rehashing . . . the same arguments set forth in the original petition." (quotation marks and citations omitted)).

Moreover, a party cannot invoke de novo review by citing new facts or making new arguments that the party could have raised in the briefing before the magistrate judge yet did not. See Bolling v. City of New York, No. 18CIV5406PGGRWL, 2021 WL 961758, at *6 (S.D.N.Y. Mar. 15, 2021) ("[D]istrict courts 'will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.'") (quoting Brown v. Martuscello, No. 16-CV-6084 (CS)(PED), 2019 WL 3491461, at *2 (S.D.N.Y. Aug. 1, 2019)); United States v. Gladden, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (declining to consider a "'new argument[] raised in objections to a magistrate judge's

report and recommendation that could have been raised before the magistrate but [was] not.'") (quoting Hubbard v. Kelley, 752 F. Supp. 2d 311, 313 (W.D.N.Y. 2009)).

### B.     Rule 12(b)(6) Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Under this standard, a plaintiff is required only to set forth a "short and plain statement of the claim," Fed. R. Civ. P. 8(a), with sufficient factual "heft 'to sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)).

To survive a motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right of relief above the speculative level," (Id. at 555), and a plaintiff's claims must be "plausible on [their] face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quotation marks omitted) (quoting Twombly, 550 U.S. at 557) Moreover, where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief," Twombly, 550 U.S. at 558, or where a plaintiff has "not nudged [his] claims across the line from conceivable to plausible, the[] complaint must be dismissed." Id. at 570. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). A complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Northeast Inc., 507 F.3d 117, 121 (2d Cir. 2007)

11

(citing Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to establish entitlement to relief]." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

### C. FLSA Overtime Claim

"'[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours.'" Baldia v. RN Express Staffing Registry LLC, No. 19 CIV. 11268 (PGG), 2022 WL 4777836, at *14 (S.D.N.Y. Oct. 3, 2022) (quoting Lundy v. Cath. Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013)) (alteration in Baldia). "'The burden placed on plaintiffs is not an onerous one. They are not required to state every single instance of overtime work or to state the exact amount of pay which they are owed; instead, they are only required to provide some approximation of the overtime hours that they worked.'" Id. (quoting Bachayeva v. Americare Certified Special Servs., Inc., No. 12-CV-1466 (RRM), 2013 WL 1171741, at *6 (E.D.N.Y. Mar. 20, 2013)) (further quotation omitted).

A plaintiff cannot, however, satisfy this burden through "'general assertions' that [he or she] 'typically, occasionally, or regularly worked more than forty hours a week, without more.'" Thompson v. Urban Recovery House, LLC, No. 20CV9581PGGJLC, 2022 WL 589957, at *4 (S.D.N.Y. Feb. 28, 2022) (quoting Limauro v. Consolidated Edison Co. of New York, Inc., No. 20-CV-3558 (CM), 2021 WL 1226872, at *2 (S.D.N.Y. Mar. 31, 2021)), report and recommendation adopted sub nom. Thompson v. Elev8 Ctr. New York, LLC, No. 20 CIV. 9581 (PGG), 2022 WL 4547411 (S.D.N.Y. Sept. 29, 2022). "Rather, to survive a Rule 12(b)(6) motion, a plaintiff [asserting an FLSA overtime wage claim] must 'provide sufficient detail about the length and frequency of [his or her] unpaid work to support a reasonable inference that [he or she] worked more than forty hours in a given week.' A plaintiff has not provided

sufficient detail when 'there is no way to identify from the allegations which weeks [Plaintiff] was required to work more than forty hours.'" Id. (quoting Hobbs v. Knight-Swift Transportation Holdings, Inc., No. 21 CIV. 1421 (AT), 2022 WL 118256, at *3 (S.D.N.Y. Jan. 12, 2022), and Limauro, 2021 WL 1226872, at *2) (second and third alterations in Thompson).

## II. ANALYSIS

### A. Whint's Claims

As discussed above, Whint has agreed to a dismissal of his claims under Fed. R. Civ. P. 41(a)(2) (Feb. 10, 2023 Pltf. Ltr. (Dkt. No. 54)), and no party has objected to Judge Wang's recommendation that his claims be dismissed. As Judge Wang notes in the show cause order,

> Plaintiffs allege that the Court has federal question subject matter jurisdiction over this case under the Fair Labor Standards Act, 29 U.S.C. § 216(b), and supplemental jurisdiction over both Plaintiffs' state law claims. (Cmplt. (Dkt. No. 1) ¶ 5) The parties have not alleged or established diversity . . . . Plaintiff Whint, [however], has not specifically alleged claims under the Fair Labor Standards Act, and instead only brings state law claims under the New York Labor Law, the New York State Human Rights Law, and the New York City Human Rights Law. "In order to exercise supplemental jurisdiction, a federal court must first have before it a claim sufficient to confer subject matter jurisdiction."

(Show Cause Order (Dkt. No. 53) at 1 (citation formatting altered) (quoting Montefiore Med. Ctr. v. Teamsters Loc. 272, 642 F.3d 321, 332 (2d Cir. 2011)))

For the reasons stated in the Show Cause Order, this Court lacks subject matter jurisdiction over Whint's claims. Accordingly, Whint's claims will be dismissed pursuant to Fed. R. Civ. P. 41(a)(2).

### B. Ogleton's FLSA Overtime Claim

Defendants contend that the Complaint does not adequately allege an FLSA overtime claim:

> Ogleton alleges that he would work an average of "one (1) unpaid hour per day, or five (5) unpaid hours per week, including overtime hours." (Cmplt. (Dkt. No. 1) ¶ 30) Ogleton does not allege that he worked, at minimum, forty hours in a work week, or that he worked in excess of a forty-hour work week. At most, Ogleton has alleged that, at an undated time, he worked a total of forty hours a week, inclusive of unpaid time, which is insufficient to state a plausible claim under the FLSA. Ogleton also fails to identify a single workweek in which he was underpaid in violation of the FLSA. Ogleton has done nothing more than file a "bare-bones" or boilerplate complaint that merely regurgitates the applicable law, which is insufficient to sustain a FLSA claim. Therefore, Ogleton's FLSA claims must be dismissed.

(Def. Br. (Dkt. No. 41) at 18 (citation formatting altered; further citations omitted))

Judge Wang recommends that Ogleton's FLSA overtime claim be dismissed for failure to state a claim:

> Ogleton does not adequately allege either 40 hours of work in a given workweek, or sufficient facts demonstrating uncompensated overtime worked. Ogleton alleges that he would work an average of "one (1) unpaid hour per day, or five (5) unpaid hours per week, including overtime hours." (Cmplt. (Dkt. No. 1) ¶ 30) While Ogleton alleges that Defendants operated with a policy of not paying Ogleton for "all hours worked in excess of forty (40) hours per week" (Id. ¶ 32), he does not identify any workweeks in which he was underpaid in violation of the FLSA, nor the specific number of hours he worked in excess in a given week. Indeed, the Complaint is devoid of any specific factual material regarding the nature and frequency of Ogleton's employment hours. Ogleton does not specify the time period of the alleged FLSA violations, point to a single specific week when he was required to work in excess of 40 hours, or even state that he worked, at minimum, 40 hours per work week. Such barebones allegations are insufficient to sustain a FLSA claim. Ogleton has not pleaded sufficient details to allege plausible overtime claims under the FLSA, and his FLSA claims should therefore be dismissed.

(Ogleton R&R (Dkt. No. 56) at 7-8 (citing Thompson, 2022 WL 589957, at *5 (recommending dismissal of FLSA claims where plaintiffs did not allege a regular workweek schedule of more than 40 hours or allege a specific workweek in which they worked in excess of 40 hours); Amponin v. Olayan Am. Corp., No. 14-CV-2008 (TPG), 2015 WL 1190080, at *3 (S.D.N.Y. Mar. 16, 2015) (dismissing FLSA claims where plaintiff alleged "neither a specific week during

14

which she worked more than forty hours, nor the specific number of hours she worked during any such week")))

In his objections, Ogleton argues that "[t]he Complaint . . . alleges timeshaving, and includes the amount of time per day and per week that Defendants failed to properly compensate Plaintiff, and specifies that the timeshaving claim applies to hours worked in excess of forty (40) hours per week." (Pltf. Objs. (Dkt. No. 57) at 9) He further argues that "the Complaint is specific about the time period in which Plaintiff Ogleton began his employment as a supervisor, and references the timeshaving as occurring '[t]hroughout his employment as a [s]upervisor' until 'December 2020.' To the extent that the Complaint does not point to a 'single specific week,' it is because the Complaint is clear in alleging that timeshaving occurred on every week after February 2019, until December 2020." (Id. (quoting Cmplt. (Dkt. No. 1) ¶¶ 29-30, 33))

There is no error in the R&R concerning Ogleton's FLSA overtime claim. Judge Wang accurately states that the Complaint does not allege that Ogleton worked at least 40 hours a week, nor does it allege facts sufficient to "support a reasonable inference that [Ogleton] worked more than [40] hours in a given week." Thompson, 2022 WL 589957, at *4 (quotation omitted). Rather, the Complaint's overtime allegations (see Cmplt. (Dkt. No. 1) ¶¶ 30-32) – which are quoted in their entirety above – merely advance barebones claims that Defendants did not pay for some hours Ogleton worked. To the extent that the alleged unpaid hours of work include overtime hours, the Complaint does not state – or even approximate – the number of such overtime hours or when Ogleton worked those overtime hours.

Ogleton's objections to the R&R's discussion of his FLSA overtime claim are not persuasive. Contrary to Ogleton's arguments, the Complaint does not, in fact, "specif[y] that the

timeshaving claim applies to hours worked in excess of [40] hours per week," and the Complaint is not "clear in alleging that timeshaving occurred on every week after February 2019, until December 2020." (Pltf. Objs. (Dkt. No. 57) at 9)  Instead, the Complaint merely alleges that (1) "due to a policy of timeshaving, Defendants would not pay Plaintiff Ogleton and other Supervisors for all of the hours that they worked, resulting in an average of one unpaid hour per day, or five unpaid hours per week, including overtime hours"; and (2) "Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA, or the state overtime rate (of time and a half) to Plaintiff Ogleton, FLSA Collective Plaintiffs and Class Members for all hours worked in excess of [40] hours per week by forcing them to misreport their hours." (Cmplt. (Dkt. No. 1) ¶¶ 30, 32)  Accordingly, as discussed above, the Complaint does not say which hours – overtime or otherwise – the alleged timeshaving policy affected, nor does the Complaint provide any indication as to (1) when Ogleton worked overtime hours, or (2) how many overtime hours he worked.

        For these reasons, this Court will adopt Judge Wang's recommendation, and Ogleton's FLSA overtime claim will be dismissed.[5]

---

[5] As the R&R recommends (Ogleton R&R (Dkt. No. 56) at 15), the Complaint's FLSA claim – which is brought on behalf of Ogleton and a putative FLSA collective – will be dismissed in its entirety.  No collective has been certified; therefore, with the dismissal of Ogleton's claim there is no justiciable case or controversy.  Cf. Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 73 (2013) (holding that where a named plaintiff accepts a settlement in an FLSA case in which a collective has not been certified, "the mere presence of collective-action allegations in the complaint cannot save the suit from mootness"); Fondacaro v. Solomon & Solomon, P.C., No. 117CV01053BKSDJS, 2018 WL 4054075, at *5 & n.4 (N.D.N.Y. Aug. 24, 2018) (dismissing putative class claim in its entirety where named plaintiff's claim was dismissed and class had not been certified; stating that "[a]bsent class certification, there are no 'class claims' for the Court to consider").

### C. Ogleton's State Law Claims

Ogleton pleads state law claims for violations of the Labor Law, the NYSHRL, and the NYCHRL (see Cmplt. (Dkt. No. 1) ¶¶ 63-83), and asserts that subject matter jurisdiction exists pursuant 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337, 1343, and 1367, based on Ogleton's FLSA claim. (See Id. ¶ 5) As discussed above, Ogleton's FLSA claim will be dismissed.

"'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Sefovic v. Mem'l Sloan Kettering Cancer Ctr., 2017 WL 3668845, at *8 (S.D.N.Y. Aug. 23, 2017) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)). There is no reason to vary from this rule here. Accordingly, this Court will not exercise supplemental jurisdiction over Ogleton's state law claims.

### D. Leave to Amend

As Judge Wang notes, "[w]hen a motion to dismiss is granted, 'the usual practice is to grant leave to amend the complaint.'" (Ogleton R&R (Dkt. No. 56) at 15 (quoting Ronzani v. Sanofi S.A., 899 F.2d 195, 198 (2d Cir. 1990))) However, "the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Koehler v. Bank of Bermuda (N.Y.) Ltd., 209 F.3d 130, 138 (2d Cir. 2000)). Leave to amend is futile when the plaintiff has "presented no basis for the district court to believe [that plaintiff] could allege facts withstanding a 12(b)(6) motion." Sprague v. Salisbury Bank & Tr. Co., 969 F.3d 95, 98 (2d Cir. 2020).

This Court adopts Judge Wang's recommendation that Ogleton be granted leave to amend his FLSA claim. (Ogleton R&R (Dkt. No. 56) at 15)

In the event that Ogleton succeeds in pleading an FLSA claim that can withstand a motion to dismiss, he may seek leave to replead his NYSHRL and NYCHRL claims. However, Ogleton should be aware that those claims, as pled in the Complaint, are insufficient because – as Judge Wang finds – Ogleton has not "allege[d] a plausible claim of race discrimination[, hostile work environment, or retaliation] under either the NYSHRL or the NYCHRL." Inter alia, Ogleton has not alleged any facts "that would suggest a causal connection between his race and any alleged adverse employment action." (Ogleton R&R (Dkt. No. 56) at 11, 13-15)

## CONCLUSION

The R&Rs are adopted as set forth above. Plaintiff Whint's claims are dismissed pursuant to Fed. R. Civ. P. 41(a)(2). Plaintiff Ogleton's claims are dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Ogleton will seek leave to file any Amended Complaint by April 14, 2023. The proposed Amended Complaint – which may address claims under the FLSA only – is to be attached as an exhibit to the motion. Any opposition to the motion for leave to amend is to be filed by April 27, 2023. The Clerk of Court is directed to terminate the motion (Dkt. No. 40).

Dated: New York, New York
March 31, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge