UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CALWAYNE OGLETON,

                          Plaintiff,

            -v-

THE CITY OF NEW YORK and NYC DEPARTMENT OF BUILDINGS,

                         Defendants.

**ORDER**

21 Civ. 6889 (PGG) (OTW)

---

PAUL G. GARDEPHE, U.S.D.J.:

          In this action, Plaintiff Calwayne Ogleton – a former supervisor at the New York City Department of Buildings (the "Buildings Department") – moves for leave to file an amended complaint asserting a claim against Defendants City of New York (the "City") and the Buildings Department under the Fair Labor Standards Act (the "FLSA") for unpaid overtime wages.  (Dkt. No. 60)

          The Complaint was filed on August 16, 2021, and asserts claims on behalf of Ogleton, Richard Whint – a supervising inspector at the Buildings Department – and putative class members against the City, the Buildings Department, and Buildings Department Commissioner Melanie E. La Rocca for violations of the FLSA, the New York Labor Law ("NYLL"), the New York State Human Rights Law (the "NYSHRL"), and the New York City Human Rights Law (the "NYCHRL").  (Cmplt. (Dkt. No. 1) ¶¶ 38, 52, 63, 67, 72, 78, 84, 90)

          On January 20, 2022, Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 40)  On March 1, 2022, this Court referred Defendants' motion to Magistrate Judge Ona T. Wang for a Report and Recommendation ("R&R").  (Dkt. No. 45)

On January 26, 2023, Judge Wang issued an order to show cause directing Whint to demonstrate why his claims should not be dismissed for lack of subject matter jurisdiction. (Show Cause Order (Dkt. No. 53)) In a February 10, 2023 letter, Plaintiffs informed Judge Wang that they did "not oppose a dismissal of [Whint's] claims by the District Court on the basis of [lack of] subject matter jurisdiction . . . . [and] therefore accede[d] to a dismissal [of Whint's claims] under [Federal Rule of Civil Procedure] 41(a)(1)(2)." (Feb. 10, 2023 Pltf. Ltr. (Dkt. No. 54) Accordingly, in a February 17, 2023 R&R, Judge Wang "recommend[ed] that Plaintiff Whint be dismissed from the action." (Dkt. No. 55 at 1-2)[1] That same day – in a second R&R – Judge Wang recommended that Plaintiff Ogleton's claims be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 56)

In a March 31, 2023 order, this Court adopted Judge Wang's recommendations that Whint's claims be dismissed pursuant to Fed. R. Civ. P. 41(a)(2), and that Ogleton's claims be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 59) This Court granted Plaintiff Ogleton leave to move to amend "claims under the FLSA only," and directed him to file a proposed Amended Complaint with any such motion. (Id. at 18)

On April 14, 2023, Ogleton moved for leave to file an amended complaint. (Dkt. No. 60) The proposed Amended Complaint asserts an FLSA claim against the City and the Buildings Department ("Defendants"). (Prop. Am. Cmplt. (Dkt. No. 60-1) ¶¶ 1, 6-7) Defendants filed their opposition to Ogleton's motion to amend on April 25, 2023. (Dkt. No. 61)

On August 3, 2023, this Court referred the motion to amend to Judge Wang for an R&R. (Dkt. No. 62) On January 26, 2024, Judge Wang issued an R&R recommending that

---

[1] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

2

Ogleton be granted leave to file an amended complaint raising an FLSA claim against the City, but not the Buildings Department. (Dkt. No. 63)  Neither side has objected to the R&R.

For the reasons set forth below, the R&R will be adopted in part.  Plaintiff will be granted leave to file an amended complaint raising an FLSA claim against the City for unpaid overtime wages, but only with respect to claims arising on or after August 16, 2019.

## BACKGROUND

### I. THE PROPOSED AMENDED COMPLAINT

According to the proposed Amended Complaint, the City and the Buildings Department hired Plaintiff Ogleton in September 2015 to work as an inspector.  In February 2019, he was promoted to supervisor.  (Prop. Am. Cmplt. (Dkt. No. 60-1) ¶¶ 10-11)

Ogleton goes on to allege that Defendants, through a "policy of timeshaving," did not pay him and other supervisors for all hours they worked and/or did not pay them the required time-and-a-half rate for hours worked in excess of 40 hours per week:

> Throughout his employment as a Supervisor, Defendants paid Plaintiff OGLETON $35.41 per hour.  Plaintiff and other Supervisors would clock in and work, then clock out after finishing their work each day.  However, due to a policy of timeshaving, Defendants would not pay Plaintiff OGLETON and other Supervisors for all of the hours that they worked, resulting in an average of one (1) unpaid hour per day, or five (5) unpaid overtime hours per week.
>
> Every week, from in or about February 2019 until in or about December 2020, Plaintiff OGLETON worked forty-five (45) hours per week, yet was paid for only forty (40) hours per week, due to the Defendants' policy of timeshaving.  Plaintiff OGLETON was not paid for five (5) hours of overtime work per week, every week, during this period.
>
> Defendants knowingly and willfully operated their business with a policy of not paying the FLSA overtime rate to Plaintiff OGLETON for all hours worked in excess of forty (40) hours per week by forcing them to misreport their hours.

(Id. ¶¶ 12-14)

3

"In or about December[] 2020, Plaintiff OGLETON announced to his supervisors that he no longer intended to cooperate with Defendants' timeshaving policy."  (Id. ¶ 15)

## DISCUSSION

**I.     LEGAL STANDARDS**

**A.     Review of a Magistrate Judge's Report and Recommendation**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'" Gilmore v. Comm'r of Soc. Sec., No. 09 Civ. 6241 (RMB) (FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Inv. Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)).  A decision is "clearly erroneous" when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks and citation omitted).

**B.     Rule 12(b)(6) Motion to Dismiss**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Under this standard, a plaintiff is required only to set forth a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft 'to sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

4

To survive a motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," (id. at 555), and a plaintiff's claims must be "plausible on [their] face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556).

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quotation marks omitted) (quoting Twombly, 550 U.S. at 557). Moreover, where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief," Twombly, 550 U.S. at 558, or where a plaintiff has "not nudged [his] claims across the line from conceivable to plausible, the[] complaint must be dismissed." Id. at 570. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). A complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to establish entitlement to relief]." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

C. **FLSA Overtime Claim**

"'[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours.'" Baldia v. RN Express Staffing Registry LLC, 633 F. Supp. 3d 693, 712 (S.D.N.Y. 2022) (quoting Lundy v. Cath. Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013)) (alteration in Baldia). "'The burden placed on plaintiffs is not an onerous one. They

5

are not required to state every single instance of overtime work or to state the exact amount of pay which they are owed; instead, they are only required to provide some approximation of the overtime hours that they worked.'" Id. at 713 (quoting Bachayeva v. Americare Certified Special Servs., Inc., No. 12-CV-1466 (RRM), 2013 WL 1171741, at *6 (E.D.N.Y. Mar. 20, 2013)) (further quotation omitted).

A plaintiff cannot, however, satisfy this burden through "'general assertions' that [he or she] 'typically, occasionally, or regularly worked more than forty hours a week, without more.'" Thompson v. Urban Recovery House, LLC, No. 20-CV-9581 (PGG) (JLC), 2022 WL 589957, at *4 (S.D.N.Y. Feb. 28, 2022) (quoting Limauro v. Consolidated Edison Co. of New York, No. 20-CV-3558 (CM), 2021 WL 1226872, at *2 (S.D.N.Y. Mar. 31, 2021)), report and recommendation adopted sub nom. Thompson v. Elev8 Ctr. N.Y., LLC, No. 20 CIV. 9581 (PGG), 2022 WL 4547411 (S.D.N.Y. Sept. 29, 2022). "Rather, to survive a Rule 12(b)(6) motion, a plaintiff [asserting an FLSA overtime wage claim] must 'provide sufficient detail about the length and frequency of [his or her] unpaid work to support a reasonable inference that [he or she] worked more than forty hours in a given week.' A plaintiff has not provided sufficient detail when 'there is no way to identify from the allegations which weeks [Plaintiff] was required to work more than forty hours.'" Id. (quoting Hobbs v. Knight-Swift Transp. Holdings, Inc., No. 21 CIV. 1421 (AT), 2022 WL 118256, at *3 (S.D.N.Y. Jan. 12, 2022), and Limauro, 2021 WL 1226872, at *2) (second, third, and fourth alterations in Thompson).

II.   **ANALYSIS**

   A.   **FLSA Overtime Claim against the Buildings Department**

Judge Wang recommends that Plaintiff Ogleton's FLSA claim against the Buildings Department be dismissed because "the Buildings Department is not a suable entity."

6

(R&R (Dkt. No. 63) at 4)  Because no party has objected to Judge Wang's recommendation, this Court will review her analysis only for clear error.

In her February 17, 2023 R&R recommending dismissal of the Complaint's claims against the Buildings Department, Judge Wang notes:

> The New York City Charter provides that "[all] actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the [C]ity of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. CHARTER § 396.  Accordingly, [the Department of Buildings] is not a suable entity and Plaintiff's claims against it should be dismissed.  See Sultan v. New York City Dep't of Bldgs., No. 99-CV-8615 (LAK), 2000 WL 262923, at *2 (S.D.N.Y. Mar. 7, 2000) (dismissing claims against [the Department of Buildings] because of its status as a non-suable entity); Olabopo v. Gomes, No. 13-CV-5052 (RRM) (LB), 2016 WL 5477586, at *3 (E.D.N.Y. Sept. 29, 2016) (same).

(R&R (Dkt. No. 56) at 3-4) (first and second brackets in original)

Plaintiff did not object to Judge Wang's recommendation in the February 7, 2023 R&R, and this Court dismissed the Buildings Department as a Defendant in its March 31, 2023 order.  (Mar. 31, 2023 Order (Dkt. No. 59) at 13-16)

With respect to the proposed Amended Complaint, Judge Wang again recommends that Plaintiff's claims against the Buildings Department be dismissed, because the Buildings Department is not a suable entity.  (R&R (Dkt. No. 63) at 4)  Plaintiff once again has not objected to Judge Wang's recommendation.

This Court finds no error in Judge Wang's analysis.  Accordingly, the motion to amend will be denied to the extent the proposed Amended Complaint asserts an FLSA claim against the Buildings Department.

### B.    FLSA Overtime Claim Against the City

Judge Wang recommends that the motion to amend be granted as to Plaintiff's proposed FLSA claim against the City for unpaid overtime wages.  She reasons as follows:

7

> Plaintiff's proposed amended complaint (ECF 60-1) adequately alleges a time-shaving complaint under FLSA.  In his order adopting my Report and Recommendation, Judge Gardephe agreed that Plaintiff's Complaint (ECF 1) failed to allege that Plaintiff worked at least 40 hours a week, nor did it allege facts sufficient to "support a reasonable inference that [Ogleton] worked more than [40] hours in a given week." (ECF 59 at 15).  Rather, it "merely advance[d] bare bones claims that Defendants did not pay for some hours Ogleton worked." Id.  Plaintiff's proposed amendment largely mirrors the original complaint but adds a new sentence alleging that Plaintiff worked one hour of overtime every day "per week, every week," "from in or about February 2019 until in or about December 2020," and "was not paid for five (5) hours of overtime work per week, every week, during this period." (ECF 60-1 ¶ 13).  While still barebones, Plaintiff has adequately pled a FLSA time-shaving claim, as he "sufficiently allege[s] 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." Lundy, 711 F.3d at 114.  He has provided, as directed, dates concerning his regular hours of work and when he worked overtime hours. (ECF 56 at 15). Accordingly, Plaintiff's motion to amend should be GRANTED.

(R&R (Dkt. No. 63) at 4-5) (brackets in original)

Because no party has objected to Judge Wang's recommendation, this Court will review her analysis only for clear error.

This Court finds no error in Judge Wang's analysis.  The proposed Amended Complaint alleges that "from in or about February 2019 until in or about December 2020, Plaintiff OGLETON worked forty-five (45) hours per week, yet was paid for only forty (40) hours per week," and that "Plaintiff OGLETON was not paid for five (5) hours of overtime work per week, every week, during this period."  (Prop. Am. Cmplt. (Dkt. No. 60-1) ¶ 13)  These allegations are adequate to plausibly allege "'40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours.'" Baldia, 633 F. Supp. 3d at 713 (quoting Lundy, 711 F.3d at 114).  In other words, Plaintiff has provided "sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week." Hobbs, 2022 WL 118256, at *3 (quoting Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc. 723 F.3d 192, 201 (2d Cir. 2013)).

8

Accordingly, this Court will adopt Judge Wang's recommendation and grant Plaintiff leave to file an Amended Complaint asserting an FLSA claim for unpaid overtime wages against the City.

### C. Willful Failure to Pay Overtime Wages

The proposed Amended Complaint also alleges that Defendants "knowingly and willfully" violated the FLSA by failing to pay overtime wages. (Prop. Am. Cmplt. (Dkt. No. 60-1) ¶ 14) Defendants contend that the proposed Amended Complaint "fails to allege any facts supporting a claim of a willful FLSA violation," and that Plaintiff's claim is therefore subject to the two-year statute of limitations applicable to ordinary FLSA violations, rather than the three-year statute of limitations applicable to willful FLSA violations. (Def. Opp. (Dkt. No. 61) at 2)

Judge Wang does not address Defendants' argument that the proposed Amended Complaint fails to adequately allege a willful FLSA violation. Accordingly, this issue will be considered de novo.

#### 1. Applicable Law

Claims for unpaid overtime wages under the FLSA are generally subject to a two-year statute of limitations. Whiteside v. Hover-Davis, Inc., 995 F.3d 315, 318 (2d Cir. 2021) (citing 29 U.S.C. § 255(a)). "But claims for unpaid overtime compensation arising out of an employer's willful violation of the FLSA are subject to a three-year statute of limitations." Id. (emphasis in original).

At the pleading stage, "the mere allegation of willfulness is insufficient to allow an FLSA plaintiff to obtain the benefit of the three-year exception." Id. at 323. Rather, "a plaintiff must allege facts that permit a plausible inference that the defendant willfully violated the FLSA for that exception to apply." Id.; see also id. at 322 (explaining that "willfulness operates as an independent element of claims for willful violation of the FLSA – a subset of

9

FLSA claims pursuant to which an employer is subject to heightened liability"; "[by] extending the limitations period for an additional year based upon an employer's intent, claims for willful violation of the FLSA act as 'a punitive measure' for employers who are more culpable than those who violate the statute only negligently" (emphasis in original) (quoting Brock v. Richland Shoe Co., 799 F.2d 80, 84 (3d Cir. 1986)).

An employer "'willfully violates the FLSA when it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA].'" Id. at 324 (quoting Young v. Cooper Cameron Corp., 586 F.3d 201, 207 (2d Cir. 2009)). "'Mere negligence is insufficient.'" Id. (quoting Young, 586 F.3d at 207)). That is, "'if an employer acts unreasonably, but not recklessly, in determining its legal obligation, its action should not be considered willful.'" Id. (quoting Reich v. Waldbaum, Inc., 52 F.3d 35, 39 (2d Cir. 1995)).

As to accrual of rights "[u]nder the FLSA, 'a new cause of action accrues with each payday following an allegedly unlawful pay period.'" Pappas v. City of New York, No. 23-CV-6010 (LJL), 2024 WL 2093472, at *6 (S.D.N.Y. May 9, 2024) (quoting Lee v. ABC Carpet & Home, 236 F.R.D. 193, 199 (S.D.N.Y. 2006)); see also Doo Nam Yang v. ACBL Corp., 427 F. Supp. 2d 327, 337 (S.D.N.Y. 2005) ("A cause of action under the FLSA accrues on the regular payday immediately following the work period for which services were rendered and not properly compensated.").

2.  **Analysis**

Because (1) Plaintiff claims that Defendants willfully failed to pay him overtime wages for work performed between February 2019 and December 2020 (Prop. Am. Cmplt. (Dkt. No. 60-1) ¶ 13); and (2) the Complaint was filed on August 16, 2021 (Dkt. No. 1), FLSA overtime wage claims that accrued prior to August 16, 2019 – that is, between February 2019

10

and August 16, 2019 – are time-barred unless Plaintiff has plausibly alleged a willful violation of the FLSA.

As an initial matter, Plaintiff's allegation that Defendants "knowingly and willfully" violated the FLSA is not – standing alone – sufficient to plausibly allege willfulness. See Whiteside, 995 F.3d at 321 ("An averment of 'willfulness' is . . . precisely the sort of legal conclusion that Twombly and Iqbal counsel must be supported by factual allegations at the pleadings stage."); Romero v. Manhattan & Bronx Surface Transit Operating Auth., No. 21-CV-4951 (LJL), 2022 WL 624451, at *5 (S.D.N.Y. Mar. 2, 2022) (finding plaintiff's allegation that "Defendants' violations of the FLSA have been done in a willful and bad-faith manner" to be conclusory and insufficient to plausibly allege willfulness).

Plaintiff's remaining factual allegations do not cure this defect. Although Plaintiff asserts that Defendants maintained "a policy of timeshaving" – pursuant to which "Defendants would not pay Plaintiff OGLETON and other Supervisors for all of the hours that they worked" (Prop. Am. Cmplt. (Dkt. No. 60-1) ¶ 12) – Plaintiff alleges no further details concerning this alleged policy. "'[C]onclusory assertions' that a defendant . . . had a policy or practice of failing to meet [FLSA overtime obligations]" – without more – are "insufficient" to plausibly allege willfulness. Fisher v. Hudson Hall LLC, No. 22 CIV. 9737 (DEH), 2024 WL 3088836, at *4 (S.D.N.Y. June 21, 2024) (first bracket in original) (quoting Sanchez v. L'Oreal USA, Inc., No. 21-CV-3229, 2022 WL 1556402, at *5 (S.D.N.Y. May 17, 2022)).

The proposed Amended Complaint also alleges that Defendants "forced [Plaintiff] to misreport [his] hours." (Prop. Am. Cmplt. (Dkt. No. 60-1) ¶ 14) But Plaintiff does not allege facts explaining (1) how Defendants "forced" him to misreport his time; (2) who instructed him to "misreport [his] hours"; (3) when he was told to misreport his time; or (4) how he went about

11

"misreport[ing]" his time. See Sanchez, 2022 WL 1556402, at *4-5 (allegation that "[d]efendant forced [p]laintiff to work late hours during the holiday season" was inadequate to plead willfulness). Nor does Plaintiff allege that he "complained about the situation to his managers" prior to December 2020 – the end date for his FLSA overtime wage claim. See Whiteside, 995 F.3d at 324. Nor does Plaintiff allege that any supervisor "said anything to him suggesting an awareness of impropriety." Id.

In sum, the proposed Amended Complaint does not contain the factual detail necessary to plausibly allege willfulness. See Bojaj v. Moro Food Corp., No. 13 Civ. 9202, 2014 WL 6055771, at *1-3 (S.D.N.Y. Nov. 13, 2014) (willfulness inadequately pled where complaint used "general statements" to allege "common policy" of underpaying employees); Romero, 2022 WL 624451, at *5 (willfulness not found where complaint contained "a conclusory allegation that a defendant acted willfully, without factual support to back up that allegation"); cf. Hernandez v. NHR Hum. Res., LLC, No. 20-CV-3109 (PGG) (DF), 2021 WL 2535534, at *16 (S.D.N.Y. June 18, 2021) (willfulness adequately alleged where complaint pled that defendant-employer told plaintiff that he "would never be paid overtime"); Markovic v. Milos Hy, Inc., No. 22 Civ. 1412 (LJL), 2023 WL 4763807, at *7 (S.D.N.Y. July 26, 2023) (willfulness adequately pled where plaintiffs alleged that (1) "they contemporaneously raised concerns that [d]efendants' tip pool and distribution policies resulted in the underpayment of tips"; (2) they "were told that the collected tips went missing from the restaurant's safe that was accessible to only the managers and owners"; (3) when they "requested to see [d]efendants' tip records and sought clarification on how [d]efendants calculated the tip amounts distributed to tipped workers, [d]efendants refused to produce [p]laintiffs with such records or information"; and (4) "when

12

they complained about the discrepancies, management threatened to fire everyone and start over" (quotation marks omitted)).

Indeed, the proposed Amended Complaint does not allege that Defendants "acted in <u>any</u> manner suggesting an awareness that their actions violated or could violate the FLSA." <u>Whiteside</u>, 995 F.3d at 324 (emphasis in original). At best, Ogleton's allegations "permit . . . an inference that Defendants [acted] negligently . . . which, without more, is insufficient." <u>Id.</u> Plaintiff has therefore failed to plausibly allege that Defendants willfully violated the FLSA.

Because Plaintiff has failed to plausibly allege a willful violation of the FLSA, Plaintiff's claims are subject to the two-year statute of limitations for ordinary FLSA violations. Accordingly, Plaintiff's FLSA overtime wage claims are time-barred to the extent that they pre-date August 16, 2019.

Plaintiff will therefore be granted leave to file an Amended Complaint alleging FLSA overtime wage claims only for the period between August 16, 2019 to December 2020.

## **CONCLUSION**

The R&R is adopted in part as set forth above. Plaintiff is granted leave to file an Amended Complaint asserting an FLSA overtime wage claim against the City, but only for claims that accrued on or after August 16, 2019. The Amended Complaint will be filed by December 20, 2024.

The Clerk of Court is directed to terminate the motion (Dkt. No. 60).

Dated: New York, New York
       December 13, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge